IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00237-NYW

ONEFLIGHT INTERNATIONAL, INC.,

    Plaintiff,

v.

G. CHRISTOPHER THAW,

    Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Nina Y. Wang

    This matter is before the court *sua sponte*. Plaintiff ONEFlight International, Inc. ("Plaintiff") initiated this civil action on January 27, 2022 against G. Christopher Thaw ("Defendant" or "Mr. Thaw"). *See* [Doc. 1]. On February 1, 2022, Plaintiff filed an affidavit of service indicating that Mr. Thaw had been served on January 31, 2022, which set a deadline to answer or otherwise respond of February 21, 2022. [Doc. 5]; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i).

    Plaintiff filed a Request for Entry of Default on March 7, 2022, [Doc. 6], accompanied by a declaration of Plaintiff's counsel. [Doc. 7]. The Declaration stated, in relevant part, that "[o]n February 22, 2022, one day after a responsive pleading was due, Defendant left a voicemail for, and sent an e-mail to, the undersigned attorney stating his intent to secure representation," but that "[t]here has been no additional correspondence between Defendant and the undersigned attorney." [*Id.* at ¶¶ 2(c)-(d)]. The Clerk of Court entered a Clerk's Entry of Default on March 8, 2022. [Doc. 8].

    On March 8, 2022, the Clerk's Office of the United States District Court received an email from Mr. Thaw, wherein he forwarded an email that he had purportedly sent to the Clerk's Office on February 22, 2022 at 12:36 PM (the "Original Email").[1] *See* [Doc. 9-1]. The Original Email states: "To whom it may concern, please find attached my response to summons regarding civil action 22-cv-00237." [*Id.*]. Attached to Defendant's forwarded email is a document stating: "I require more time to respond. I will be securing an attorney to represent me." *See* [Doc. 10 (the "Motion for Extension of Time")].[2] The Original Email was also purportedly sent to Plaintiff's

---

[1] The email was sent to COD_ProSe_Filing@cod.uscourts.gov, which was created during the COVID-19 pandemic to assist in the filing of documents by unrepresented parties.

[2] The court notes that the document properties of the Motion for Extension of Time indicate that

counsel.  [*Id.*].

The Clerk's Office was unable to locate the Original Email in its Pro Se filing inbox. Additionally, the court notes that the email addresses to which the Motion for Extension of Time was purportedly sent do not appear in the "To:" line of the email address block, but rather, it appears that they may have been input into the subject line.  [*Id.*].  For these reasons, the court is presently unable to determine whether the Clerk's Office actually received the Motion for Extension of Time on February 22, 2022.  Accordingly, the court **CONSTRUES** the Motion for Extension of Time [Doc. 10] as having been filed on March 8, 2022, the date on which the court conclusively received this submission.  The Clerk of Court is **DIRECTED** to docket the Motion for Extension of Time on the docket, reflecting that it was filed as of March 8, 2022.

As indicated in the Motion for Extension of Time and counsel's Declaration, Mr. Thaw currently proceeds pro se in this matter and is thus entitled to a liberal construction of his filings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  But the court cannot and does not act as Mr. Thaw's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Defendant as to a represented party.  *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).  A party's pro se status does not exempt the party from complying with the procedural rules that govern all civil actions filed in this District—namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *Murray*, 312 F.3d at 1199 n.2.

The court liberally construes the document submitted by Defendant as a Motion for Extension of Time to answer or otherwise respond to the Complaint.  *Hall*, 935 F.2d at 1110.  The court acknowledges that the Motion was filed two weeks after Mr. Thaw's answer deadline. However, Rule 6(b) of the Federal Rules of Civil Procedure permits a court to "accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).  In considering whether to accept a late filing, the court considers "the danger of prejudice to the [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id.* at 395.

Defendant's Motion is admittedly bare and does not explain why he failed to move for an extension of time prior to his answer deadline.  *See* [Doc. 10].  That said, it appears that Defendant attempted to file the Motion on February 22, 2022—just one day after his responsive-pleading deadline, a conclusion which is supported by metadata that suggests that the Motion for Extension of Time was drafted on February 22, 2022, rather than after the Clerk's Entry of Default was entered.  The court does not find any evidence of bad faith on the part of Mr. Thaw in failing to meet his answer deadline. *See Scott v. Power Plant Maint. Specialists, Inc.*, No. 09-cv-02591-KHV, 2010 WL 1881058, at *4 (D. Kan. May 10, 2010) (where there was no evidence of bad

---

the Motion was created on February 22, 2022 at 12:33 PM.

faith, the good-faith factor weighed in favor of the movant); *cf. Shophar v. City of Olathe*, No. 15-cv-4961-DDC-KGS, 2017 WL 2618494, at *4 n.2 (D. Kan. June 16, 2017), *aff'd*, 723 F. App'x 579 (10th Cir. 2018) (considering pro se filing that was one day late where there was no suggestion of bad faith and the defendant did not claim prejudice).

      Moreover, Plaintiff will not be substantially prejudiced by the court's acceptance of Defendant's late filing. By filing this lawsuit, Plaintiff necessarily understood and anticipated that it would be required to participate in this litigation and prosecute its claims on the merits. As set forth above, Plaintiff's counsel was seemingly aware as of February 22, 2022 that Mr. Thaw was attempting to obtain legal representation, which suggests an intent to defend against this lawsuit. [Doc. 7 at ¶ 2(d)]. The court notes that the length of the delay was short—two weeks—and that such delay has had and will have no material impact on these proceedings, which is in its earliest stages. Indeed, a Scheduling Conference is not set to occur in this matter until April 7, 2022. *See* [Doc. 4]; *see also Lewis v. Sprint Nextel*, No. 08-2458-JARJPO, 2008 WL 5263782, at *1 (D. Kan. Dec. 5, 2008) (determining that a one-month delay between original answer date and motion to answer out-of-time not prejudicial, particularly when no scheduling order entered); *Scott*, 2010 WL 1881058, at *3 (a delay of fewer than two months was a "relatively short delay [with] minimal impact"). Even without the Motion for Extension, these factors weigh in favor of finding good cause to vacate the Clerk's entry of default. *See* Fed. R. Civ. P. 55(c); *Gray v. Knight Sec. & Patrol, Inc.*, No. 16-cv-03086-PAB-KLM, 2017 WL 11569537, at *2 (D. Colo. May 26, 2017) (considering the following factors in determining whether an entry of default should be vacated: "(1) whether the defendants' culpable conduct led to the default; (2) whether the plaintiffs will be prejudiced by setting aside the entry of default; and (3) whether the defendants have a meritorious defense)).

      Because Plaintiff will not be prejudiced if required to prove its claims on the merits, the court finds it in the interest of judicial economy to accept Mr. Thaw's belated filing and to order Plaintiff to respond to the Motion for Extension of Time. *See Mountain States Mut. Cas. Co. v. Kirkpatrick*, No. 06-cv-00221-WDM-MEH, 2006 WL 2092073, at *2 (D. Colo. July 25, 2006) (granting belated motion to set aside default where there was "no significant prejudice" to the plaintiff and where the delay was "short, with little impact on judicial proceedings."). Indeed, "strong policies favor resolution of disputes on their merits." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). Otherwise, "the defaulted party loses regardless of the merits of its case, without ever having had its day in court." *Thunder Mountain Custom Cycles, Inc. v. Thiessen Prod., Inc.*, No. 06-cv-02527-PAB-BNB, 2008 WL 5412463, at *4 (D. Colo. Dec. 24, 2008). If Plaintiff opposes the Motion for Extension of Time, <u>Plaintiff **shall provide** specific reasons for such opposition, indicate whether it opposes vacating the Clerk's Entry of Default, and explain why this case should not be determined on the merits</u>. *See Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) ("The preferred disposition of any case is upon its merits and not by default judgment," unless the "preference is counterbalanced by considerations of social goals, justice and expediency.").

      Additionally, Defendant is hereby **ADVISED** that, although he currently proceeds in this matter pro se, he is nevertheless required to comply with all court orders, as well as the Federal

Rules of Civil Procedure and the Local Rules of Practice. *Murray*, 312 F.3d at 1199 n.2. The Court strongly encourages Defendant to contact the Federal Pro Se Clinic, which provides free assistance to people representing themselves in the United States District Court for the District of Colorado. The Clinic cannot assist with criminal, bankruptcy, habeas, appeals, or any state cases. If Defendant wishes to avail himself of this service, he may make an appointment by phone (303-380-8786) or online at www.cobar.org/cofederalproseclinic. The Clinic is located at: Alfred A. Arraj United States Courthouse (first floor), 901 19th Street, Denver, CO 80294.

Accordingly**, IT IS ORDERED** that:

(1) The Clerk of Court is **DIRECTED** to **DOCKET** the Motion for Extension of Time [Doc. 10] as filed as of March 8, 2022;

(2) Plaintiff **SHALL RESPOND** to the Motion for Extension of Time on or before **March 14, 2022, including whether it opposes vacating the Clerk's Entry of Default**;

(3) No replies to the Motion for Extension of Time will be permitted absent leave of court;

(4) The Telephonic Scheduling Conference set for April 7, 2022 at 11:00 A.M. and the March 31, 2022 deadline to submit a proposed Scheduling Order are **VACATED** to be re-set in due course;

(5) The **March 24, 2022** deadline to file a completed Consent Form **REMAINS SET**; and

(6) Given Plaintiff's counsel's indication that he has received email communications from Defendant, Plaintiff's counsel is **DIRECTED** to serve a copy of this Minute Order on Defendant via email. **However, Defendant is ADVISED that the court will not provide any further orders by electronic mail, unless and until Defendant becomes a registered e-filer. Thus, in order to continue to receive notice of this court's orders via United States mail, including any court order ruling on the Motion for Extension of Time, Defendant must enter an appearance in this case.**

DATED: March 9, 2022